IFPPRO

# U.S. District Court
## District of Maryland (Baltimore)
## CIVIL DOCKET FOR CASE #: 1:08–cv–01748–JFM

Wilder v. Bloch

Assigned to: Judge J. Frederick Motz

Cause: 28:1361 Petition for Writ of Mandamus

Date Filed: 07/01/2008

Jury Demand: None

Nature of Suit: 445 Civil Rights: Americans with Disabilities – Employment

Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Lawrence V. Wilder**                 represented by     **Lawrence V. Wilder**
113 Winters Lane
Catonsville, MD 21228
(410) 262–7911
PRO SE

V.

**Defendant**

**Scott Bloch**
*Special Counsel U.S. Office of Special counsel*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/01/2008 | [ 1 | COMPLAINT against Scott Bloch, filed by Lawrence V. Wilder. (Attachments: # 1 Attachments, # 2 Civil Cover Sheet)(ljs, Deputy Clerk) (Entered: 07/03/2008) |
| 07/01/2008 | [ 2 | MOTION for Leave to Proceed in forma pauperis by Lawrence V. Wilder (ljs, Deputy Clerk) (Entered: 07/03/2008) |
| 08/05/2008 | [ 3 | ORDER holding in abeyance 2 MOTION of Plaintiff for Leave to Proceed in forma pauperis; transferring this case to the U.S.D.C. for the District of Columbia for all further proceedings as to Lawrence V. Wilder. Signed by Judge J. Frederick Motz on 8/5/08. (c/m 8/5/08 mcb, Deputy Clerk) (Entered: 08/05/2008) |

**FILED**

**AUG 1 5 2008**

**Clerk, U.S. District and Bankruptcy Courts**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

LAWRENCE V. WILDER          :

     Plaintiff             :

v                            :      Case: 1:08-cv-01417
                                  Assigned To : Sullivan, Emmet G.

SCOTT BLOCH           :      Assign. Date : 8/15/2008
                                  Description: Pro Se General Civil

     Defendant          :

                         o0o

### ORDER

The above-captioned petition for writ of mandamus was filed on July 1, 2008, together with a motion to proceed in forma pauperis. The motion shall be held in abeyance.

Under 28 U.S.C. § 1391(b), a civil action that is based upon a federal question may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same state or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law. The defendant named resides in the District of Columbia and the claim concerns failure to investigate a claim filed in the Office of the Special Counsel located in the District of Columbia. The proper venue is the United States District Court for the District of Columbia.

Accordingly, IT IS this 5th day of August, 2008, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.     Plaintiff's motion to proceed in forma pauperis IS HELD IN ABEYANCE;

2.     The Clerk SHALL TRANSFER this case to the United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, DC 20001, for all further proceedings as may be deemed appropriate by that court; and

# RECEIVED

**AUG - 7 2008**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

3.    The Clerk SHALL MAIL a copy of this to plaintiff.

_____/s/_____
J. Frederick Motz
United States District Judge

Leave to file without
Prepayment of Cost **GRANTED**

8/13/08

*[signature] Ricardo M. Urbina*

United States District Court in Maryland

Lawrence V. Wilder
113 Winters Lane
Catonsville, Maryland 21228

Vs                                    Civil Case

Scott Bloch, Special Counsel          JFM 0 8 CV 1 7 4 8
U.S. Office of Special counsel
1730 M. Street, N.W.
Washington, D.C. 20036

*FILED COURT DISTRICT OF MARYLAND*
*U.S. DISTRICT COURT*
*JUL - 1  A 9: 1*

### Writ of Mandamus

Plaintiff, Lawrence V. Wilder, petitions the United States District Court in
Maryland to approve this petition for a Writ of Mandamus to order the
Special Counsel of the United States Office of Special Counsel to continue
processing his whistleblower claims. The plaintiff initiated complaints on
November 27, 2007 and December 20, 2007 electronically. The plaintiff
made contact with several employees to request a progress report of his
claims. The plaintiff spoke with Ashley Sands, Esq. and Collette Slaton,
Esq., who did not confirm my claims arriving at their designated worksite.
I have provided proof of my claim submittals. I have determined that the
U.S. OSC refuses to perform their duty to investigate my whistleblower
claims and there exists to other option to pursue, therefore the Kerr factors
have been met.

Mandamus jurisdiction under 28 U.S.C. 1361 states (the district courts shall
have original jurisdiction of any action in the nature of mandamus to compel
an officer or employee of the United States or any agency thereof to perform
a duty owed to the plaintiff.).

Respectfully submitted,

*[signature]*

Lawrence V. Wilder
(410)-262-7911

**RECEIVED**

AUG - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



# U.S. OFFICE OF SPECIAL COUNSEL

Home | About | Site Map | Privacy Policy | Accessibility | En Español |

Mo

## OSC E-Filing System

> About OSC's E-Filing System
> User Guide
> Frequently Asked Questions
> Contact Information
> File New Form
> Update Profile
> Log out

### Managing Your Forms

All forms that you have created previously are listed at the left of your screen. If more form appears in the list, you may click on any one of them to make it your current for on the current form's status, you will see various options for working with it:

1. You may click on the "View" button to view your form at any time, whether you h it to OSC or not. A new window will open and you can print your form by selectin the "File" menu.

**Your E-Filing Forms**

**Complaint Form (OSC 11) [12/20/2007]**

**Complaint Form (OSC 11) [11/27/2007]**

**Complaint Form (OSC 11) [11/15/2007]**

**Complaint Form (OSC 11) [2/6/2007]**

| Your Current Form |
|---|
| Complaint Form (OSC-11, Complaint of Possible Prohibited Personnel Practic Prohibited Activity) |
| Status:              (duplicated) |
| Form Created:    11/27/2007 5:21:01 PM |
| Last Modified:    11/27/2007 5:56:52 PM |

View

### Form History

| Who | Action | When |
|---|---|---|
| lawrence wilder sr | submitted | 11/27/2007 5:56:52 PM |
| lawrence wilder sr | initiated | 11/27/2007 5:21:01 PM |

About the OSC Site | Privacy Policy | Site Index | Accessibility
Para información en español



Last Updated: 1/3/07

U.S. OFFICE OF SPECIAL COUNSEL                    (202)254-3600 / (202)254-3630 / (800)872-9855
Form OSC-11 (2-05)                                              OMB Control No. 3255-0002

### COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
### OR
### OTHER PROHIBITED ACTIVITY

---

**IMPORTANT**

**Before filling out this Office of Special Counsel (OSC) complaint form, please read the following information about** (1) the scope of OSC's jurisdiction and (2) certain OSC policies. OSC cannot investigate a complaint if it lacks jurisdiction over the subject matter of the complaint. Further, filing a complaint with OSC will not extend any time limits that may exist under other appropriate complaint procedures. It is important, therefore, that you consider whether OSC may lack jurisdiction over your complaint.

If you plan to file a complaint alleging reprisal for whistleblowing, important information about the elements required by law to establish such violations can be found in Part 2 of this form.

---

### INFORMATION ABOUT FILING A COMPLAINT WITH OSC

**Required Complaint Form.** Complaints alleging a prohibited personnel practice, or a prohibited activity other than a Hatch Act violation, must be submitted on this form. OSC will not process complaints (except for complaints alleging only a Hatch Act violation) that are not submitted on this form. OSC will return the material received with a blank complaint form to complete and return to OSC. The complaint will be considered to be filed on the date on which OSC receives a completed form. 5 C.F.R. § 1800.1, as amended.

**No OSC Jurisdiction** OSC has no jurisdiction over employees of -

- the Central Intelligence Agency, Defense Intelligence Agency, National Security Agency, or other intelligence agencies excluded from coverage by the President;
- the armed forces of the United States (*i.e.,* uniformed military employees);
- the General Accounting Office;
- the Postal Rate Commission; and
- the Federal Bureau of Investigation.

**Limited OSC Jurisdiction.** OSC has jurisdiction over certain types of complaints filed by employees of some agencies, as follows -

- Federal Aviation Administration employees alleging reprisal for whistleblowing;
- employees of government corporations listed at 31 U.S.C. § 9101 alleging reprisal for whistleblowing;
- U.S. Postal Service employees alleging nepotism; and
- Transportation Security Administration (TSA) employees alleging reprisal for whistleblowing: TSA non-screener employees may file complaints alleging retaliation for protected whistleblowing under 5 U.S.C. § 2302(b)(8). OSC will process these complaints under its regular procedures, including filing petitions with the Merit Systems Protection Board, if warranted. TSA security screeners may also file complaints alleging retaliation for protected whistleblowing under 5 U.S.C. § 2302(b)(8) pursuant to a Memorandum of Understanding (MOU) between OSC and TSA executed on May 28, 2002. The MOU and TSA Directive HRM Letter No. 1800-01 provide OSC with authority to investigate whistleblower retaliation complaints from screeners and recommend that TSA take corrective and/or disciplinary action when warranted. Additional information on OSC procedures for reviewing security screener whistleblower complaints under the MOU is available at

http://www.osc.gov/tsa-info.htm.

> VISIT WWW.OSC.GOV FOR MORE INFORMATION ABOUT
> OSC JURISDICTION AND COMPLAINT PROCEDURES

## Election of Remedies For Employees Covered By a Collective Bargaining Agreement

Pursuant to 5 U.S.C. § 7121(g), if you are covered by a collective bargaining agreement, you must choose one of three possible avenues to pursue your prohibited personnel practice complaint: (a) a complaint to OSC; (b) an appeal to the Merit Systems Protection Board (MSPB) (if the action is appealable under law); or (c) a grievance under the collective bargaining agreement. If you have already filed an appeal concerning your prohibited personnel practice allegations with the MSPB, or a grievance concerning those allegations under the collective bargaining agreement, OSC lacks jurisdiction over your complaint and cannot investigate it.

## Deferral of Certain Complaints Involving Discrimination

Although OSC is authorized to investigate discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, as well as reprisal for filing an EEO complaint, OSC generally defers such allegations to agency procedures established under regulations of the Equal Employment Opportunity Commission (EEOC). 5 C.F.R. § 1810.1. If you wish to report allegations of discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, or reprisal for filing an EEO complaint, you should contact your agency's EEO office immediately. There are specific time limits for filing such complaints. Filing a complaint with OSC will not relieve you of the obligation to file a complaint with the agency's EEO office within the time prescribed by EEOC regulations (at 29 C.F.R. Part 1614).

> ***Note:*** This deferral policy does not apply to discrimination claims that are not within the jurisdiction of the EEOC, such as complaints alleging discrimination based upon marital status or political affiliation.

## Complaints Involving Veterans Rights

By law, complaints alleging denial of veterans' preference requirements must be filed with the Veterans Employment and Training Service (VETS) at the Department of Labor. 38 U.S.C. § 4301, *et seq.*, and 5 U.S.C. § 3330a(a). Certain allegations of discrimination based on the past, current, or future performance of military service (*e.g.*, discrimination based on veteran or reservist status) may be filed with OSC. Thus, you are encouraged to contact OSC's Uniformed Services Employment and Reemployment Rights Act (USERRA) Unit by e-mail at userra@osc.gov or by telephone at 202-254-3600.

---

### SEND COMPLETED COMPLAINT FORMS TO OSC –

**By Mail:**        **Complaints Examining Unit**

**Office of Special Counsel**
**1730 M Street, N.W. (Suite 218)**
**Washington DC 20036-4505**

**By FAX:**         **(202) 653-5151**

**Electronically:**   **WWW.OSC.GOV** (AT "FILE COMPLAINTS ONLINE")

***PLEASE KEEP A COPY OF YOUR COMPLAINT, ANY SUPPORTING DOCUMENTATION, AND ANY ADDITIONAL ALLEGATIONS SENT IN WRITING TO OSC NOW, OR AT ANY TIME WHILE YOUR COMPLAINT IS PENDING.***
*REPRODUCTION CHARGES UNDER THE FREEDOM OF INFROMTION ACT MAY APPLY TO ANY REQUEST YOU MAKE FOR COPIES OF MATERIALS THAT YOU PROVIDED TO OSC.*

***IF YOU ARE FILING AN ALLEGATION OF REPRISAL FOR WHISTLEBLOWING,***
*PLEASE SEE PART 2 OF THE COMPLAINT FORM, FOR OTHER RECORDKEEPING CONSIDERATIONS.*

---

U.S. OFFICE OF SPECIAL COUNSEL                    (202)254-3600 / (202)254-3630 / (800)872-9855

### COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
### OR
### OTHER PROHIBITED ACTIVITY

Please complete all pertinent items. Enter "N/A" (Not Applicable) or "Unknown" where appropriate. Fields marked with an asterisk * are required. *The form will not be accepted if any required fields are empty.*

**Note:** As a security measure, the system will close this form and log you out if you've made no entries to the form for 30 minutes. The system will display a warning message before actually closing the form.

---

### PART 1: PROHIBITED PERSONNEL PRACTICES / OTHER PROHIBITED ACTIVITY
### (GENERAL)

1. Name of person seeking OSC action ("Complainant")
   Title: Mr.
   First Name:* lawrence
   Last Name:* wilder
   Middle Name: verline
   Suffix:

   For USERRA complaints only – please provide the last digit only of your Social Security Number (SSN): (needed to determine jurisdiction under § 204(c)(2) of Public Law No. 108-454.)

2. Position and title: retired (Federal disability)
   Pay plan: GS
   Job Series: 399
   Grade Level: 12

3. Agency name:* NASA Headquarters

4. Agency address:
   300 E Street, SW
   Washington, DC 20546
   UNITED STATES

5. Complainant's home or mailing address:
   113 winters lane
   Catonsville, MD 21228
   UNITED STATES

6. Complainant's Contact Information:
   Home phone #:* (410)2627911
   Office phone #:
   Fax number:
   E-mail address:* lawrenceverlinewildersr@yahoo.com

7.* Are you filing as a legal or other representative of the Complainant?
   ○ Yes  ⊙ No

8.* Are you (or is the complainant, if you are filing as a representative) covered by a collective bargaining agreement?
   ○ Yes  ○ No  ⊙ I don't know

9. How did you first become aware that you could file a complaint with OSC?
   ☐ OSC Web site  ☐ OSC speaker  ☐ OSC brochure  ☐ OSC poster

☐ news story    ☐ agency personnel office ☐ union        ☐ co-worker
☑ Other (please describe): |Merit Systems Protection Board|
      Date (approximate): |06/16/2006|

10.* What is the employment status of the person affected by the suspected prohibited personnel practice or other
    prohibited activity? (*Check all applicable items—more than one item may apply*.)

  a. ☐  Applicant for Federal employment
  b. ☐  Competitive Service
        ☐ temporary appointment        ☐ career or career-conditional appointment
        ☐ term appointment              ☐ probationary employee
  c. ☑  Excepted Service
        ☐ Schedule A                    ☐ Postal Service
        ☐ Schedule B                    ☐ Tennessee Valley Authority
        ☐ Schedule C                    ☐ VA Dept. of Medicine and Surgery
        ☐ National Guard Technician     ☐ Veterans Readjustment Act (VRA)
        ☐ nonappropriated fund          ☐ Other (specify):
  d. ☐  Senior Executive Service (SES), Supergrade, or Executive Level
        ☐ career SES                    ☐ Executive Level V or above (career) fund
        ☐ noncareer SES                 ☐ Executive Level V or above (noncareer)
        ☐ career GS-16, 17, or 18       ☐ Presidential appointee (Senate-confirmed)
        ☐ noncareer GS-16, 17 or 18
  e. ☑  Other
        ☐ civil service annuitant       ☐ military officer or enlisted person
        ☐ former civil service employee ☐ contract employee
        ☐ competitive service           ☐ other (specify):
        ☐ excepted service              ☑ unknown

11.* What other action(s), if any, have you taken to appeal, grieve, or report this matter under any other procedure?
    (*Check all that apply.*)

| | | |
|---|---|---|
| ☐ | None, or not applicable | |
| ☐ | Appeal filed with Merit Systems Protection Board (MSPB) | Date: |
| ☐ | Petition for reconsideration of initial decision filed with MSPB Initial Decision No. | Date: |
| ☐ | USERRA claim filed with VETS (Department of Labor) (Form VETS/USERRA/VP-1010) | Date: |
| ☐ | Grievance filed under agency grievance procedure | Date: |
| ☐ | Grievance filed under negotiated grievance procedure | Date: |
| ☐ | Matter heard by arbitrator under grievance procedure | Date: |
| ☐ | Matter is pending in arbitration | Date: |
| ☑ | Discrimination complaint filed with agency | Date: |09/15/2007| |
| ☐ | Agency or Administrative Judge (AJ) decision on discrimination complaint appealed to Equal Employment Opportunity Commission | Date: |
| ☐ | Appeal filed with the Office of Personnel Management | Date: |
| ☐ | Unfair Labor Practice (ULP) complaint filed with the Federal Labor Relations Authority General Counsel | Date: |
| ☐ | Lawsuit filed in Federal Court Court name: | Date: |
| ☐ | Reported matter to agency Inspector General | Date: |
| ☐ | Reported matter to Member of Congress Name of Senator or Representative: | Date: |
| ☑ | Other (specify): |FOIA request (OPF correction)| | Date: |11/23/2007| |

12. What official is responsible for the violation(s) that you are reporting, and what is his/her employment status?
    (See question 10 for appropriate description of employment status)

| | |
|---|---|
| Name: | Rick Keegan |
| Position/Title: | Supervisor (Procurement) |
| Employment Status: | unknown |
| Name: | James Harrington |
| Position/Title: | Personnel |
| Employment Status: | unknown |
| Name: | Margret Tindall |
| Position/Title: | Personnel |
| Employment Status: | unknown |
| Name: | Joan Belt |
| Position/Title: | FOIA branch (GSFC) |
| Employment Status: | current |
| Name: | Greensboro North Carolina PD/Guilford Cty DA |
| Position/Title: | DA |
| Employment Status: | |
| Name: | Stephen McConnell |
| Position/Title: | Headquarters FOIA |
| Employment Status: | current |

13.* What are the actions or events that you are reporting to OSC? (*To the extent known, specifically list: (a) any suspected prohibited personnel practices or other prohibited activity, other then reprisal for whistleblowing; and (b) any personnel actions involved.*) **IF YOU ARE ALLEGING REPRISAL FOR WHISTLEBLOWING, SKIP TO PART 2**

> The Agency refuses to correct my records considering the fact that the basis for my pressured resignation was due to police and prosecutor misconduct (potentially others). By refusing to correct my personnel file, the Agency is denying me a form of benefit. This is a prohibited personnel practice.

14. Provide details of the actions or events shown in your response to question 13.(*Be as specific as possible about dates, locations, and the identities and positions of all persons mentioned. In particular, identify actual and potential witnesses, giving work locations and telephone numbers when possible. Also, attach any pertinent documents that you may have. Please provide, if possible, a copy of the notification of the agency's proposal and/or decision about the personnel action(s) covered by your request for OSC action.*)

> I provided the Agency with a detailed explanation of the basis of the false arrest (stated on my FOIA request). The Agency refused to correct my OPF file and failed to initiate the personnel action.

15. What action would you like OSC to take in this matter (that is, what remedy are you asking for?)

> Investigate my matter and determine if relief is appropriate for this injustice. If the Agency is given a basis to make an adjustment to an error in an OPF, they are obligated to make such an adjustment. A complaint was filed with the EEOC for involuntary resignation because of pre-appointment events.

16.* Are you alleging a reprisal for whistleblowing in this complaint?

○ Yes  ◉ No

---

**PART 3: CONSENT TO CERTAIN DISCLOSURES OF INFORMATION**

---

OSC asks everyone who files a complaint alleging a possible prohibited personnel practice or other prohibited activity to select one of three Consent Statements shown below. *IF YOU DO NOT SELECT ONE OF THE THREE CONSENT STATEMENTS BELOW, OSC WILL ASSUME THAT YOU HAVE SELECTED CONSENT STATEMENT 1.* Please: (a) select and sign (or check, if using electronically) one of the Consent Statements below; and (b) keep a copy of the Consent Statement you select (as well as a copy of all documents that you sent to OSC) for your won records.

If you initially select a Consent Statement that contains restricts OSC's use of information, you may later select a less

restrictive Consent Statement. If your selection of Consent Statement 2 or 3 prevents OSC from being able to conduct an investigation, an OSC representative will contact you, explain the circumstances, and provide you with an opportunity to select a less restrictive Consent Statement.

You should be aware that the Privacy Act allows the information in OSC's files to be used or disclosed for certain purposes, regardless of which Consent Statement you sign. See 5 U.S.C. §552a(b). Information about certain circumstances under which OSC can use or disclose information pursuant to the Privacy Act appears on the next page.

⊙ **Consent Statement 1**

I consent to communications between OSC and the involved agency as deemed necessary by OSC. I agree to allow OSC to disclose my identity as the complainant to the agency involved and information from or about me if OSC decides this is necessary to elicit information from the agency involved, take further action, or obtain corrective or disciplinary action. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

○ **Consent Statement 2**

I consent to communications between OSC and the involved agency as deemed necessary by OSC, but I do not agree to allow OSC to disclose my identity as the complainant to the agency involved. I agree to allow OSC to disclose only that information from or about me, without disclosing my name or other individual identifying information, if OSC decides it is necessary to elicit information from the agency involved, take further action, or obtain corrective or disciplinary action. I understand that in some circumstances (for example, if I am complaining about my nonpromotion), it would not be possible for OSC to maintain my anonymity while communicating with the agency involved about a specific personnel action. In such circumstances, I understand that my request for anonymity may preclude OSC from taking further action on my complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

○ **Consent Statement 3**

I do *not* consent to communications between OSC and the agency involved even if OSC decides it is necessary to elicit information from the agency, take further action, or obtain corrective or disciplinary action. I understand that if OSC decides that it is not possible to take further action on my complaint without obtaining additional information from the agency involved, my lack of consent will preclude OSC from taking further action on my complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

| PART 4: CERTIFICATION AND SIGNATURE |
|---|

*I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief. I understand that a false statement or concealment of a material fact is a criminal offense punishable by a fine of up to $250,000, imprisonment for up to five years, or both. 18 U.S.C. §1001.*

You are required to enter your signature when you submit this form.

Signature: /* Signed Electronically */                        Date: 11/27/2007

| PART 5: PRIVACY ACT / PAPERWORK REDUCTION ACT STATEMENTS |
|---|

Routine Uses. Limited disclosure of information from OSC files is needed to fulfill OSC's investigative, prosecutorial, and related responsibilities. OSC has described 18 routine uses for information in its files in the Federal Register (F.R.), at 66 F.R. 36611 (July 12, 2001), and 66 F.R. 51095 (October 5, 2001). A copy of the routine uses is available from OSC upon request. A summary of the routine uses appears below.

OSC may disclose information from its files in the following circumstances:

1. to disclose that an allegation of prohibited personnel practices or other prohibited activity has been filed;

2. to disclose information to the Office of Personnel Management (OPM) as needed for inquiries involving civil

service laws, rules or regulations, or to obtain an advisory opinion;

3. to disclose information about allegations or complaints of discrimination to entities concerned with enforcement of antidiscrimination laws;

4. to the MSPB or the President, when seeking disciplinary action;

5. to the involved agency, MSPB, OPM, or the President when OSC has reason to believe that a prohibited personnel practice has occurred, exists, or is to be taken;

6. to disclose information to Congress in OSC's annual report;

7. to disclose information to third parties as needed to conduct an investigation; obtain an agency investigation and report on information disclosed to OSC's whistleblower disclosure channel; or to give notice of the status or outcome of an investigation;

8. to disclose information as needed to obtain information about hiring or retention of an employee; issuance of a security clearance; conduct of a security or suitability investigation; award of a contract; or issuance of a license, grant, or other benefit;

9. to the Office of Management and Budget (OMB) for certain legislative coordination and clearance purposes;

10. to provide information from an individual's record to a congressional office acting pursuant to the individual's request;

11. to furnish information to the National Archives and Records Administration for records management purposes;

12. to produce summary statistics and work force or other studies;

13. to provide information to the Department of Justice as needed for certain litigation purposes;

14. to provide information to courts or adjudicative bodies as needed for certain litigation purposes;

15. to disclose information to the MSPB as needed in special studies authorized by law;

16. for coordination with an agency's Office of Inspector General or comparable entity, to facilitate the coordination and conduct of investigations and review of allegations; and

17. to news media or the public in certain circumstances (except when the Special Counsel determines that disclosure in a particular case would be an unwarranted invasion of personal privacy).

18. to the Department of Labor and others as needed to implement the Uniformed Services Employment and Reemployment Rights Act of 1994, and the Veterans' Employment Opportunities Act of 1998.

If OSC officials believe that disclosure may be appropriate in a situation not covered by one of OSC's routine uses, or one of the 11 other exceptions to the Privacy Act's general prohibition on disclosure, OSC will seek written authorization from the complainant permitting the disclosure.

Purposes, Burdens, and Other Information. An agency may not conduct or sponsor a collection of information, and persons may not be required to respond to a collection of information, unless it: (a) has been approved by OMB, and (b) displays a currently valid OMB control number. The information in this form is collected pursuant to OSC's legal responsibility to investigate: (a) allegations of prohibited personnel practices, to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken (5 U.S.C. §1214); and (b) other allegations of prohibited activity (5 U.S.C. §1216). The information will be reviewed by OSC to determine whether the facts establish its jurisdiction over the subject of the complaint, and whether further investigation and corrective or disciplinary action is warranted. The reporting burden for this collection of information is estimated to be an average of one hour and 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering the data needed, and completing and reviewing the form. Please send any comments about this burden estimate, and suggestions for reducing the burden, to the Office of Special Counsel, Planning and Advice Division, 1730 M Street, Suite 218, Washington, DC 20036-4505. Use of this form to file a complaint alleging a prohibited personnel practice or other prohibited activity is required; use of this to file a complaint alleging only a Hatch Act violation is not required. 5 C.F.R. §1800.1(d), as amended. As stated in Part 3 of this form, complainants may request that OSC maintain their name, and information provided by them, in confidence.



# U.S. OFFICE OF SPECIAL COUNSEL

Home | About | Site Map | Privacy Policy | Accessibility | En Español |

Mc

**OSC Online**

## OSC E-Filing System

> About OSC's E-Filing System
> User Guide
> Frequently Asked Questions
> Contact Information
> File New Form
> Update Profile
> Log out

### Managing Your Forms

All forms that you have created previously are listed at the left of your screen. If more form appears in the list, you may click on any one of them to make it your current for on the current form's status, you will see various options for working with it:

1. You may click on the "View" button to view your form at any time, whether you h it to OSC or not. A new window will open and you can print your form by selecting the "File" menu.

**Your E-Filing Forms**

**Complaint Form
(OSC 11)
[12/20/2007]
Complaint Form
(OSC 11)
[11/27/2007]
Complaint Form
(OSC 11)
[11/15/2007]
Complaint Form
(OSC 11)
[2/6/2007]**

| Your Current Form |
|---|
| **Complaint Form (OSC-11, Complaint of Possible Prohibited Personnel Practic Prohibited Activity)** |
| Status:            (duplicated) |
| Form Created:    12/20/2007 2:20:06 PM |
| Last Modified:    12/20/2007 3:45:41 PM |

[View]

### Form History

| Who | Action | When |
|---|---|---|
| lawrence wilder sr | submitted | 12/20/2007 3:45:41 PM |
| lawrence wilder sr | initiated | 12/20/2007 2:20:06 PM |

About the OSC Site | Privacy Policy | Site Index | Accessibility
Para información en español



Last Updated: 1/3/07

U.S. OFFICE OF SPECIAL COUNSEL                              (202)254-3600 / (202)254-3630 / (800)872-9855
Form OSC-11 (2-05)                                                          OMB Control No. 3255-0002

## COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
## OR
## OTHER PROHIBITED ACTIVITY

---

### IMPORTANT

**Before filing out this Office of Special Counsel (OSC) complaint form, please read the following information about** (1) the scope of OSC's jurisdiction and (2) certain OSC policies. OSC cannot investigate a complaint if it lacks jurisdiction over the subject matter of your complaint. Further, filing a complaint with OSC will not extend any time limits that may exist under other appropriate complaint procedures. It is important, therefore, that you consider whether OSC may lack jurisdiction over your complaint.

If you plan to file a complaint alleging reprisal for whistleblowing, important information about the elements required by law to establish such violations can be found in Part 2 of this form.

---

## INFORMATION ABOUT FILING A COMPLAINT WITH OSC

**Required Complaint Form.** Complaints alleging a prohibited personnel practice, or a prohibited activity other than a Hatch Act violation, must be submitted on this form. OSC will not process complaints (except for complaints alleging only a Hatch Act violation) that are not submitted on this form. OSC will return the material received with a blank complaint form to complete and return to OSC. The complaint will be considered to be filed on the date on which OSC receives a completed form. 5 C.F.R. § 1800.1, as amended.

**No OSC Jurisdiction** OSC has no jurisdiction over employees of –

- the Central Intelligence Agency, Defense Intelligence Agency, National Security Agency, or other intelligence agencies excluded from coverage by the President;
- the armed forces of the United States (*i.e.*, uniformed military employees);
- the General Accounting Office;
- the Postal Rate Commission; and
- the Federal Bureau of Investigation.

**Limited OSC Jurisdiction.** OSC has jurisdiction over certain types of complaints filed by employees of some agencies, as follows –

- Federal Aviation Administration employees alleging reprisal for whistleblowing;
- employees of government corporations listed at 31 U.S.C. § 9101 alleging reprisal for whistleblowing;
- U.S. Postal Service employees alleging nepotism; and
- Transportation Security Administration (TSA) employees alleging reprisal for whistleblowing: TSA non-screener employees may file complaints alleging retaliation for protected whistleblowing under 5 U.S.C. § 2302(b)(8). OSC will process these complaints under its regular procedures, including filing petitions with the Merit Systems Protection Board, if warranted. TSA security screeners may also file complaints alleging retaliation for protected whistleblowing under 5 U.S.C. § 2302(b)(8) pursuant to a Memorandum of Understanding (MOU) between OSC and TSA executed on May 28, 2002. The MOU and TSA Directive HRM Letter No. 1800-01 provide OSC with authority to investigate whistleblower retaliation complaints from screeners and recommend that TSA take corrective and/or disciplinary action when warranted. Additional information on OSC procedures for reviewing security screener whistleblower complaints under the MOU is available at

http://www.osc.gov/tsa-info.htm.

> VISIT WWW.OSC.GOV FOR MORE INFORMATION ABOUT
> OSC JURISDICTION AND COMPLAINT PROCEDURES

## Election of Remedies For Employees Covered By a Collective Bargaining Agreement

Pursuant to 5 U.S.C. § 7121(g), if you are covered by a collective bargaining agreement, you must choose one of three possible avenues to pursue your prohibited personnel practice complaint: (a) a complaint to OSC; (b) an appeal to the Merit Systems Protection Board (MSPB) (if the action is appealable under law); or (c) a grievance under the collective bargaining agreement. If you have already filed an appeal concerning your prohibited personnel practice allegations with the MSPB, or a grievance concerning those allegations under the collective bargaining agreement, OSC lacks jurisdiction over your complaint and cannot investigate it.

## Deferral of Certain Complaints Involving Discrimination

Although OSC is authorized to investigate discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, as well as reprisal for filing an EEO complaint, OSC generally defers such allegations to agency procedures established under regulations of the Equal Employment Opportunity Commission (EEOC). 5 C.F.R. § 1810.1. If you wish to report allegations of discrimination based upon race, color, religion, sex, national origin, age, or handicapping condition, or reprisal for filing an EEO complaint, you should contact your agency's EEO office immediately. There are specific time limits for filing such complaints. Filing a complaint with OSC will not relieve you of the obligation to file a complaint with the agency's EEO office within the time prescribed by EEOC regulations (at 29 C.F.R. Part 1614).

> **Note:** This deferral policy does not apply to discrimination claims that are not within the jurisdiction of the EEOC, such as complaints alleging discrimination based upon marital status or political affiliation.

## Complaints Involving Veterans Rights

By law, complaints alleging denial of veterans' preference requirements must be filed with the Veterans Employment and Training Service (VETS) at the Department of Labor. 38 U.S.C. § 4301, *et seq.*, and 5 U.S.C. § 3330a(a). Certain allegations of discrimination based on the past, current, or future performance of military service (*e.g.*, discrimination based on veteran or reservist status) may be filed with OSC. Thus, you are encouraged to contact OSC's Uniformed Services Employment and Reemployment Rights Act (USERRA) Unit by e-mail at userra@osc.gov or by telephone at 202-254-3600.

---

### SEND COMPLETED COMPLAINT FORMS TO OSC -

**By Mail:**        **Complaints Examining Unit**
                    **Office of Special Counsel**
                    **1730 M Street, N.W. (Suite 218)**
                    **Washington DC 20036-4505**

**By FAX:**         **(202) 653-5151**
**Electronically:** **WWW.OSC.GOV** (AT "FILE COMPLAINTS ONLINE")

*PLEASE KEEP A COPY OF YOUR COMPLAINT, ANY SUPPORTING DOCUMENTATION, AND ANY ADDITIONAL ALLEGATIONS SENT IN WRITING TO OSC NOW, OR AT ANY TIME WHILE YOUR COMPLAINT IS PENDING.*
*REPRODUCTION CHARGES UNDER THE FREEDOM OF INFROMTION ACT MAY APPLY TO ANY REQUEST YOU MAKE FOR COPIES OF MATERIALS THAT YOU PROVIDED TO OSC.*

*IF YOU ARE FILING AN ALLEGATION OF REPRISAL FOR WHISTLEBLOWING,*
*PLEASE SEE PART 2 OF THE COMPLAINT FORM, FOR OTHER RECORDKEEPING CONSIDERATIONS.*

---

U.S. OFFICE OF SPECIAL COUNSEL                    (202)254-3600 / (202)254-3630 / (800)872-9855

## COMPLAINT OF POSSIBLE PROHIBITED PERSONNEL PRACTICE
### OR
### OTHER PROHIBITED ACTIVITY

Please complete all pertinent items. Enter "N/A" (Not Applicable) or "Unknown" where appropriate. Fields marked with an asterisk * are required. *The form will not be accepted if any required fields are empty.*

**Note:** As a security measure, the system will close this form and log you out if you've made no entries to the form for 30 minutes. The system will display a warning message before actually closing the form.

---

### PART 1: PROHIBITED PERSONNEL PRACTICES / OTHER PROHIBITED ACTIVITY (GENERAL)

1. Name of person seeking OSC action ("Complainant")
   Title: Mr.
   First Name:* lawrence
   Last Name:* wilder
   Middle Name: verline
   Suffix:

   For USERRA complaints only – please provide the last digit only of your Social Security Number (SSN): (needed to determine jurisdiction under § 204(c)(2) of Public Law No. 108-454.)

2. Position and title: Retired Disability (U.S. DHHS)
   Pay plan:
   Job Series:
   Grade Level:

3. Agency name:*
   Centers for Medicare and Medicaid Studies

4. Agency address:
   7500 Security Blvd
   Woodlawn, MD 21244
   UNITED STATES

5. Complainant's home or mailing address:
   113 winters Lane
   Catonsville, MD 21228
   UNITED STATES

6. Complainant's Contact Information:

   Home phone #:* (410)2627911
   Office phone #:
   Fax number:
   E-mail address:* lawrenceverlinewildersr@yahoo.com

7.* Are you filing as a legal or other representative of the Complainant?
   ○ Yes  ◉ No

8.* Are you (or is the complainant, if you are filing as a representative) covered by a collective bargaining agreement?
   ○ Yes  ○ No  ◉ I don't know

9. How did you first become aware that you could file a complaint with OSC?
   ☐ OSC Web site  ☐ OSC speaker  ☐ OSC brochure  ☐ OSC poster

☐ news story   ☐ agency personnel office ☐ union   ☐ co-worker
☑ Other (please describe): Merit Systems Protection Board
   Date (approximate): 05/04/2007

10.* What is the employment status of the person affected by the suspected prohibited personnel practice or other prohibited activity? (*Check all applicable items—more than one item may apply.*)

  a. ☐ Applicant for Federal employment

  b. ☐ Competitive Service
      ☐ temporary appointment    ☐ career or career-conditional appointment
      ☐ term appointment    ☐ probationary employee

  c. ☐ Excepted Service
      ☐ Schedule A    ☐ Postal Service
      ☐ Schedule B    ☐ Tennessee Valley Authority
      ☐ Schedule C    ☐ VA Dept. of Medicine and Surgery
      ☐ National Guard Technician    ☐ Veterans Readjustment Act (VRA)
      ☐ nonappropriated fund    ☐ Other (specify):

  d. ☐ Senior Executive Service (SES), Supergrade, or Executive Level
      ☐ career SES    ☐ Executive Level V or above (career) fund
      ☐ noncareer SES    ☐ Executive Level V or above (noncareer)
      ☐ career GS-16, 17, or 18    ☐ Presidential appointee (Senate-confirmed)
      ☐ noncareer GS-16, 17 or 18

  e. ☑ Other
      ☐ civil service annuitant    ☐ military officer or enlisted person
      ☐ former civil service employee ☐ contract employee
      ☐ competitive service    ☑ other (specify): Disability Retirement
      ☐ excepted service    ☐ unknown

11.* What other action(s), if any, have you taken to appeal, grieve, or report this matter under any other procedure? (*Check all that apply.*)

| | | |
|---|---|---|
| ☑ | None, or not applicable | |
| ☐ | Appeal filed with Merit Systems Protection Board (MSPB) | Date: |
| ☐ | Petition for reconsideration of initial decision filed with MSPB Initial Decision No. | Date: |
| ☐ | USERRA claim filed with VETS (Department of Labor) (Form VETS/USERRA/VP-1010) | Date: |
| ☐ | Grievance filed under agency grievance procedure | Date: |
| ☐ | Grievance filed under negotiated grievance procedure | Date: |
| ☐ | Matter heard by arbitrator under grievance procedure | Date: |
| ☐ | Matter is pending in arbitration | Date: |
| ☐ | Discrimination complaint filed with agency | Date: |
| ☐ | Agency or Administrative Judge (AJ) decision on discrimination complaint appealed to Equal Employment Opportunity Commission | Date: |
| ☐ | Appeal filed with the Office of Personnel Management | Date: |
| ☐ | Unfair Labor Practice (ULP) complaint filed with the Federal Labor Relations Authority General Counsel | Date: |
| ☐ | Lawsuit filed in Federal Court Court name: | Date: |
| ☐ | Reported matter to agency Inspector General | Date: |
| ☐ | Reported matter to Member of Congress Name of Senator or Representative: | Date: |
| ☐ | Other (specify): | Date: |

12. What official is responsible for the violation(s) that you are reporting, and what is his/her employment status? *(See question 10 for appropriate description of employment status)*

| | |
|---|---|
| Name: | Jacquelyn White |
| Position/Title: | Director, Office of Strategic Operations and Regulatory Affairs |
| Employment Status: | Current |
| Name: | Micheal Marquis |
| Position/Title: | Director Freedom of Information Group |
| Employment Status: | Current |
| Name: | Rowena Rice |
| Position/Title: | Foia employee |
| Employment Status: | Current |

13. What are the actions or events that you are reporting to OSC? *(To the extent known, specifically list: (a) any suspected prohibited personnel practices or other prohibited activity, other then reprisal for whistleblowing; and (b) any personnel actions involved.)* **IF YOU ARE ALLEGING REPRISAL FOR WHISTLEBLOWING, SKIP TO PART 2**

The Agency has violated the laws governing the processing of Freedom of Information Act. The complainant submitted a FOIA request in November 2006. There was never any request to extend the time to complete the request, nor was there any right afforded to request a hearing. The complaint was never given the opportunity to review any of the 311 documents that the Agency alleged to have found to determine if, in fact, the documents are what was requested. As of the date of this complaint, the responsible employees are grossly violating the complaint's rights afforded by the Freedom of Information Act. After a year, there has been no attempt or effort by the Agency to abide by the regulations governing the processing of his Freedom of Information Request.

14. Provide details of the actions or events shown in your response to question 13.*(Be as specific as possible about dates, locations, and the identities and positions of all persons mentioned. In particular, identify actual and potential witnesses, giving work locations and telephone numbers when possible. Also, attach any pertinent documents that you may have. Please provide, if possible, a copy of the notification of the agency's proposal and/or decision about the personnel action(s) covered by your request for OSC action.)*

The complainant forwarded his FOIA request in November 2006. He was sent acknowledgement of his request within a months time. There were multiple attempts to contact the FOIA group to obtain a status of the request to no avail. In May 2007, I made contact with Micheal Marquis and Rowena Rice to ask about my hearing and appeal rights. Both Mr. Marquis and Ms. Rice kept avoiding and making excuses to delay my request. They were also deceptive as to any hearing or appeal rights I retained. At the same time, submitted a second request with a request for expedited priority, because of a pending court matter. As of December 2007, the requestor has obtained or viewed no document from the original request, although an appeal was requested after the Associate Administrator made a decsion regarding the request.

15. What action would you like OSC to take in this matter (that is, what remedy are you asking for?)

Review all actions by the Freedom of Information Group and all employees responsible for processing FOIA requests. Determine if my rights were violated and if the Agency was responsible for ignoring the Department of Health of Human Service's regulations regarding FOIA requests. Immediately correct any problems experienced by the requestor and give the request expedited status. Disipline all employees responsible any violation of the requestor's rights.

16.* Are you alleging a reprisal for whistleblowing in this complaint?

⦿ Yes   ○ No

---

**PART 2: REPRISAL FOR WHISTLEBLOWING**

---

***This part of the form is solely for use by persons alleging reprisal for whistleblowing(that is, persons who believe that is, persons who believe that personnel actions were taken, not taken, or threatened because of a whistleblower disclosure). Please read the introductory material before answering the questions that follow.***

***Complainants not alleging reprisal for whistleblowing should proceed to Part 3 ("Consent to Certain Disclosures of Information").***

### Reprisal for Whistleblowing Allegations

As a general rule, it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action because of a protected disclosure of certain types of information by a Federal employee, former employee, or applicant for Federal employment. 5 U.S.C. §2302(b)(8).

### Legal Elements of a Violation

By law, certain elements must be present before OSC can establish that a legal violation of law has occurred. Two of the required elements that must be established are (1) that a whistleblower disclosure was made, and (2) that an agency took, failed to take, or threatened to take or fail to take a personnel action because of the whistleblower disclosure. Your description of these elements will help OSC's investigation of your allegation(s).

### Protected Disclosures

A disclosure of information is a protected whistleblower disclosure if a Federal employee, former employee, or applicant for Federal employment discloses information which he or she reasonably believes evidences: (a) a violation of any law, rule, or regulation; (b) gross mismanagement; (c) a gross waste of funds; (d) abuse of authority; or (e) a substantial and specific danger to public health or safety.

### Covered Personnel Actions

The law prohibiting reprisal for whistleblowing requires proof that one or more of the following personnel actions occurred, or fail to occur, because of a protected disclosure:

1.  an appointment;

2.  a promotion;

3.  an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action;

4.  a detail, transfer, or reassignment;

5.  a reinstatement;

6.  a restoration;

7.  a reemployment;

8.  a decision about pay, benefits, or awards, concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. §2302(a)(2);

9.  a performance evaluation under 5 U.S.C. chapter 43;

10. a decision to order psychiatric testing or examination; or

11. any other significant change in duties, responsibilities, or working conditions.

### Reporting Your Allegation(s)

In the section that starts below, provide the information requested about all disclosures that you believe led to reprisal by the agency involved. **If any of the disclosures were in writing, please provide a copy of theose disclosure (s) with your complaint.**

**IT IS IMPORTANT THAT YOU LIST ALL DISCLOSURES AND PERSONNEL ACTIONS INVOLVED IN YOUR COMPLAINT.** This is because: (1) failure to list any disclosure or personnel action may delay the processing of your complaint by OSC; and (2) a comprehensive listing will avoid disputes in any later Individual Right of Action (IRA) appeal that you may file with the Merit Systems Protection Board (MSPB) about its jurisdiction to hear the case.

Additional allegation of reprisal for whistleblowing may be added to this complaint while it is pending at OSC. Submission of any such additional allegations to OSC in writing will help you if you decide to file any later IRA appeal

with the MSPB. Form OSC-11a is available for that purpose at OSC's web site, under "Forms."

### Appeal to the MSPB

If OSC fails to complete its review of your whistleblower reprisal allegation within 120 days after it receives your complaint, or if it closes your complaint at any time without seeking corrective action on your behalf, you have the right to file an IRA appeal with the MSPB. 5 U.S.C. §1214(a)(3).

### Recordkeeping

To establish its jurisdiction over any later IRA appeal that you may file, the MSPB will require you to show that the appeal relates to the same whistleblower disclosure(s) and personnel action(s) involved in your complaint to OSC. A copy of the whistleblower reprisal allegations in your complaint, any supporting documentation about those allegations that you sent with the complaint, and any additional allegation of reprisal that you submitted in writing to OSC while the complaint was pending, will serve as proof in any IRA of the disclosure(s) and personnel action(s) involved in your OSC complaint. **IT IS IMPORTANT, THEREFORE, THAT YOU MAKE AND KEEP COPIES OF ALL THESE DOCUMENTS FOR YOUR RECORDS.**

\* MUST BE COMPLETED FOR ALL DISCLOSURES REPORTED IN THIS COMPLAINT

A. WHAT INFORMATION WAS DISCLOSED?
(DESCRIBE WHISTLEBLOWER DISCLOSURE

| | |
|---|---|
| I contested the Agency's determination that I was ineligible for restoration and that my termination was 'for cause'. I was determined, by OPM, disabled as a result of being harassed and threatened at the Department of Health and Human Services. The Department has refuse to consider the evidence by OPM, SSA, Certified Medical Professionals, who state that any behavior that was interpreted as unprofessional was brought on by continuous harrasment, aggitation, discrimination, and injustice leading to a mental breakdown. Instead of admitting that the result of the termination was for Health-related reasons, the Department of Health and Human Services, the cabinent Department that should completely empathize with Medical disabilities, has demonstrated a inexcusable insensitivity to a stress-related work-connected injury. This attitude is prevalent during any effort attempted to secure any right afforded to me as a FOIA requestor, disability retired employee, restoration-eligible applicant, or discriminated individual. | **1. WHEN WAS THE DISCLOSURE MADE?** 03/2006 <br><br> **2. TO WHOM (NAME AND TITLE) WAS THE DISCLOSURE MADE?** Christine Smith <br><br> **3. DISCLOSURE OF INFORMATION EVIDENCE** (check all that apply): <br> ☑ VIOLATION OF LAW, RULE, OR REGULATION <br> ☐ GROSS MISMANAGEMENT <br> ☐ GROSS WASTE OF FUNDS <br> ☑ ABUSE OF AUTHORITY <br> ☐ SUBSTANTIAL AND SPECIFIC DANGER TO PUBLIC HEALTH OR SAFETY <br> ☐ NONE OF THE ABOVE <br><br> **4. WHAT PERSONNEL ACTION OCCURRED FAILED TO OCCUR OR WAS THREATENED BECAUSE OF THE DISCLOSURE?**(List all applicable personnel action numbers from Part 2.) 1,2,3,6,8 <br><br> **5. WHAT DID PERSONNEL ACTION(S) OR THREAT(S) OCCURS?** 03/2006 |

3. If you are **not** the person who actually made a disclosure described in boxes A, B, C, or D above, please check below to specify the disclosure involved, and provide the name, address, and telephone number of the person who made the disclosure, if known.

Disclosure:    ☐  2A

Name:

Address:

Phone number:

4.* Explain why you believe that the personnel action(s) listed above occurred because of the disclosure(s) that you described. *(Be as specific as possible about any dates, locations, names, and positions of all persons mentioned in your explanation. In particular, identify actual and potential witnesses, giving work locations and telephone numbers, if known. Attach a copy of any documents that support your statements on the form summary page. Please provide, if possible, a copy of the notification of the agency's proposal and/or decision about the personnel action(s) covered by your complaint*

> Because I had a pending appeal before the Merit Systems Protection Board, there was a strong incentive to delay any request to limit the substantial evidence to prove by a proponderence of the evidence that the Department of Health and Human Services. My appeal was denied, because it was determined that the evidence was not present to the Administrative Judge at the MSPB before the initial order, thus depriving me of my right to a fair hearing. The Department was well aware of this situation and obstructed my rights, by delaying this FOIA request. The Department also deprived me of a timely appeal and a hearing.

5.* What action would you like OSC to take in this matter (i.e., what remedy are you asking for)?

> Compensatory and consequential damages.

---

## PART 3: CONSENT TO CERTAIN DISCLOSURES OF INFORMATION

OSC asks everyone who files a complaint alleging a possible prohibited personnel practice or other prohibited activity to select one of three Consent Statements shown below. *IF YOU DO NOT SELECT ONE OF THE THREE CONSENT STATEMENTS BELOW, OSC WILL ASSUME THAT YOU HAVE SELECTED CONSENT STATEMENT 1.* Please: (a) select and sign (or check, if using electronically) one of the Consent Statements below; and (b) keep a copy of the Consent Statement you select (as well as a copy of all documents that you sent to OSC) for your won records.

If you initially select a Consent Statement that contains restricts OSC's use of information, you may later select a less restrictive Consent Statement. If your selection of Consent Statement 2 or 3 prevents OSC from being able to conduct an investigation, an OSC representative will contact you, explain the circumstances, and provide you with an opportunity to select a less restrictive Consent Statement.

You should be aware that the Privacy Act allows the information in OSC's files to be used or disclosed for certain purposes, regardless of which Consent Statement you sign. See 5 U.S.C. §552a(b). Information about certain circumstances under which OSC can use or disclose information pursuant to the Privacy Act appears on the next page.

---

◉  **Consent Statement 1**

I consent to communications between OSC and the involved agency as deemed necessary by OSC. I agree to allow OSC to disclose my identity as the complainant to the agency involved and information from or about me if OSC decides this is necessary to elicit information from the agency involved, take further action, or obtain corrective or disciplinary action. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

---

○  **Consent Statement 2**

I consent to communications between OSC and the involved agency as deemed necessary by OSC, but I do not agree to allow OSC to disclose my identity as the complainant to the agency involved. I agree to allow OSC to disclose only that information from or about me, without disclosing my name or other individual identifying information, if OSC decides it is necessary to elicit information from the agency involved, take further action, or obtain corrective or disciplinary action. I understand that in some circumstances (for example, if I am complaining about my nonpromotion), it would not be possible for OSC to maintain my anonymity while communicating with the agency involved about a specific personnel action. In such circumstances, I understand that my request for anonymity may preclude OSC from taking further action on my complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

---

○  **Consent Statement 3**

I do *not* consent to communications between OSC and the agency involved even if OSC decides it is necessary to elicit information from the agency, take further action, or obtain corrective or disciplinary action. I understand that if OSC decides that it is not possible to take further action on my complaint without obtaining additional information from the agency involved, my lack of consent will preclude OSC from taking further action on my complaint. I understand that regardless of the Consent Statement I choose, OSC may disclose information as allowed by the Privacy Act.

---

## PART 4: CERTIFICATION AND SIGNATURE

*I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief. I understand that a false statement or concealment of a material fact is a criminal offense punishable by a fine of up to $250,000, imprisonment for up to five years, or both. 18 U.S.C. §1001.*

You are required to enter your signature when you submit this form.

Signature: /* Signed Electronically */

Date: <u>12/20/2007</u>

---

## PART 5: PRIVACY ACT / PAPERWORK REDUCTION ACT STATEMENTS

<u>Routine Uses</u>. Limited disclosure of information from OSC files is needed to fulfill OSC's investigative, prosecutorial, and related responsibilities. OSC has described 18 routine uses for information in its files in the Federal Register (F.R.), at 66 F.R. 36611 (July 12, 2001), and 66 F.R. 51095 (October 5, 2001). A copy of the routine uses is available from OSC upon request. A summary of the routine uses appears below.

OSC may disclose information from its files in the following circumstances:

1.  to disclose that an allegation of prohibited personnel practices or other prohibited activity has been filed;

2.  to disclose information to the Office of Personnel Management (OPM) as needed for inquiries involving civil service laws, rules or regulations, or to obtain an advisory opinion;

3.  to disclose information about allegations or complaints of discrimination to entities concerned with enforcement of antidiscrimination laws;

4.  to the MSPB or the President, when seeking disciplinary action;

5.  to the involved agency, MSPB, OPM, or the President when OSC has reason to believe that a prohibited personnel practice has occurred, exists, or is to be taken;

6.  to disclose information to Congress in OSC's annual report;

7.  to disclose information to third parties as needed to conduct an investigation; obtain an agency investigation and report on information disclosed to OSC's whistleblower disclosure channel; or to give notice of the status or outcome of an investigation;

8.  to disclose information as needed to obtain information about hiring or retention of an employee; issuance of a security clearance; conduct of a security or suitability investigation; award of a contract; or issuance of a license, grant, or other benefit;

9.  to the Office of Management and Budget (OMB) for certain legislative coordination and clearance purposes;

10.  to provide information from an individual's record to a congressional office acting pursuant to the individual's request;

11.  to furnish information to the National Archives and Records Administration for records management purposes;

12.  to produce summary statistics and work force or other studies;

13.  to provide information to the Department of Justice as needed for certain litigation purposes;

14.  to provide information to courts or adjudicative bodies as needed for certain litigation purposes;

15.  to disclose information to the MSPB as needed in special studies authorized by law;

16.  for coordination with an agency's Office of Inspector General or comparable entity, to facilitate the coordination and conduct of investigations and review of allegations; and

17.  to news media or the public in certain circumstances (except when the Special Counsel determines that disclosure in a particular case would be an unwarranted invasion of personal privacy).

18.  to the Department of Labor and others as needed to implement the Uniformed Services Employment and Reemployment Rights Act of 1994, and the Veterans' Employment Opportunities Act of 1998.

If OSC officials believe that disclosure may be appropriate in a situation not covered by one of OSC's routine uses, or one of the 11 other exceptions to the Privacy Act's general prohibition on disclosure, OSC will seek written authorization from the complainant permitting the disclosure.

Purposes, Burdens, and Other Information. An agency may not conduct or sponsor a collection of information, and persons may not be required to respond to a collection of information, unless it: (a) has been approved by OMB, and (b) displays a currently valid OMB control number. The information in this form is collected pursuant to OSC's legal responsibility to investigate: (a) allegations of prohibited personnel practices, to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken (5 U.S.C. §1214); and (b) other allegations of prohibited activity (5 U.S.C. §1216). The information will be reviewed by OSC to determine whether the facts establish its jurisdiction over the subject of the complaint, and whether further investigation and corrective or disciplinary action is warranted. The reporting burden for this collection of information is estimated to be an average of one hour and 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering the data needed, and completing and reviewing the form. Please send any comments about this burden estimate, and suggestions for reducing the burden, to the Office of Special Counsel, Planning and Advice Division, 1730 M Street, Suite 218, Washington, DC 20036-4505. Use of this form to file a complaint alleging a prohibited personnel practice or other prohibited activity is required; use of this to file a complaint alleging only a Hatch Act violation is not required. 5 C.F.R. §1800.1(d), as amended. As stated in Part 3 of this form, complainants may request that OSC maintain their name, and information provided by them, in confidence.